# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| HANEEF MAJEED, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1304 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of Haneef Majeed's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Forrest City Low Federal Correctional Institution in Forrest City, Arkansas.

Upon review of the instant petition for habeas corpus relief, the Court notes that petitioner is challenging the validity of his judgment and conviction on the ground that the Court lacked subject matter jurisdiction. As such, this action appears to be a motion for habeas relief pursuant to 28 U.S.C. § 2255. Before reclassifying the instant petition as a § 2255 habeas corpus action, however, the Court will afford petitioner the opportunity either to withdraw the "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Challenge to Jurisdiction and Request to Dismiss Indictment and Conviction," or to consent to the Court's reclassification of the petition as a motion brought under 28 U.S.C. § 2255.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), this Court would simply have reclassified the instant action as arising under 28 U.S.C. § 2255. However, after enactment of the AEDPA, the Court's *sua sponte* reclassification of the instant action under § 2255 could deprive petitioner of the

opportunity for effective collateral review in the future, because there are restrictions on the filing of second or successive habeas petitions. Thus, if the Court reclassifies the instant action under § 2255, petitioner's subsequent filing of a § 2255 petition could be dismissed as second or successive.[1] Cf. Morales v. United States, 304 F.3d 764, 765 (8th Cir. 2002). Consequently, before reclassifying the instant action as a § 2255 motion, the Court will offer petitioner an opportunity either to withdraw the "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Challenge to Jurisdiction and Request to Dismiss Indictment and Conviction," or to consent to the Court's reclassification of the petition as a motion brought under 28 U.S.C. § 2255.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner shall be granted thirty (30) days from the date of this Memorandum and Order either to withdraw the instant "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Challenge to Jurisdiction and Request to Dismiss Indictment and Conviction," [Doc. 1] or to consent to the Court's reclassification of the petition as a motion brought under 28 U.S.C. § 2255. Petitioner shall advise the Court of his choice, in writing. If petitioner fails to respond in a timely manner, the Court will reclassify the instant action as a 28 U.S.C. § 2255 motion for a writ of habeas corpus.

---

[1] Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitation period to petitions for writs of habeas corpus.

**IT IS FURTHER ORDERED** that, upon receipt of petitioner's written response to this Order, this case shall be resubmitted to the Court for appropriate action.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   10th   day of November, 2009.