**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| HANEEF MAJEED, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:09-CV-1304 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon consideration of the reclassification of Haneef Majeed's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Challenge to Jurisdiction and Request to Dismiss Indictment and Conviction," as a motion for habeas corpus relief under 28 U.S.C. § 2255.

On November 11, 2009, this Court afforded petitioner thirty days in which to withdraw his § 2241 habeas petition or consent to the Court's reclassification of the petition as a motion brought under 28 U.S.C. § 2255. The Court explained that if the action is reclassified under § 2255, petitioner's subsequent filing of a § 2255 petition could be dismissed as second or successive.[1] Cf. Morales v. United States, 304 F.3d 764, 765 (8th Cir. 2002). Petitioner was instructed to advise the Court of his choice, in writing. The Court explained that if he failed to respond in a timely manner, the instant action would be reclassified as a 28 U.S.C. § 2255 motion for a writ of habeas corpus.

---

[1]Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitation period to petitions for writs of habeas corpus.

To date, petitioner has failed to file a response and his time for doing so has passed. As such, the Court will reclassify the instant action as a 28 U.S.C. § 2255 motion for a writ of habeas corpus.

Movant's habeas corpus motion does not comply with Rule 11(a) of the Federal Rules of Civil Procedure or Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Moreover, it is unclear to the Court exactly what federal conviction and/or sentence movant is challenging. Both this Court's Local Rule 2.06(A) and Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts give this Court the authority to order movant to amend his petition on a court-provided form. As such, the Court will order movant to file an amended § 2255 motion on a court-provided form.[2] Movant is advised that the amended § 2255 motion will supercede his original petition for writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to movant the court-provided form (AO form 243) for filing a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.

**IT IS FURTHER ORDERED** that movant shall complete and return his amended § 2255 motion within thirty (30) days from the date of this Order. Movant shall include in said amended motion the date of the conviction and/or sentence he is challenging, as well as any and all grounds for relief that he wishes to pursue under 28 U.S.C. § 2255. In addition, movant must sign and date the amended motion.

**IT IS FURTHER ORDERED** that if movant fails to sign, complete, and return his amended § 2255 motion within thirty days, the Court will dismiss the instant action, without prejudice.

---

[2]The Court will order the Clerk of Court to forward to movant the court-provided form for filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence by a person in federal custody.

**IT IS FURTHER ORDERED** that upon movant's filing of the form motion, the Clerk shall resubmit this matter to the Court for review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss the original 28 U.S.C. § 2241 petition for lack of jurisdiction and failure to name the proper respondent is **DENIED** as moot. [Doc. 2]

／s／ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   5th   day of January, 2010.